F. STANLEY PORTER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 82425. Promulgated August 24, 1937.

*Joshua W. Miles, Esq.*, for the petitioner.
*Carroll Walker, Esq.*, and *C. H. Curl, Esq.*, for the respondent.

OPINION.

ARUNDELL: The pleadings in this case raise two questions: Whether or not the petitioner made a bona fide sale of stock in December 1932, and whether or not there was fraud in his claim of a loss on the transaction.

There is little, if any, room for doubt as to the actuality of the sale by the petitioner of his shares in December 1932. He gave orders to sell to an established stock brokerage firm; his orders were executed by the firm in the regular way that sales are made on the stock exchanges; the sales were reflected in petitioner's separate account, and the petitioner received the sale price of his shares. These matters are established by the testimony of not only the petitioner, but representatives of the brokerage firm, and the testimony is substantiated by written contemporaneous records. The sales so made divested petitioner of all title and control over the property sold. See *Thomas W. Behan*, 32 B. T. A. 1088; affd., 90 Fed. (2d) 609.

As affecting the bona fides of the sales the respondent points to the marital relation of the buyer and seller, the gift of the proceeds of the sales and the use thereof to make the purchase, and the use of the wife's stock as collateral for the petitioner's indebtedness to the bank. We have frequently said that transfers between members of a family should be subjected to searching scrutiny in order to determine whether they are actual, valid, bona fide sales. See *John E. Zimmermann*, 36 B. T. A. 279. Under this rule, we have carefully examined the several matters urged by the respondent and we do not find in them anything to vitiate the petitioner's sales nor anything to support the view that the purchases by the wife constituted a reacquisition by either the petitioner or the marital com-

munity. Some of the elements of this case were also present and discussed in the *Behan* case, *supra*. In that case, husband and wife bought and sold securities; upon a sale by one the other bought; the purchases were paid for out of the proceeds of sales which were transferred from the seller to the buyer for that purpose. The Circuit Court in its opinion considered particularly the matter of the transfer of funds from one spouse to the other, and held that as each was financially able to buy out of his or her own estate the transfer of funds was "but a convenience; not a necessity without which the purchases were impossible." It is further pointed out in the *Behan* opinion that the transfer of funds, considered as a gift, was not a gift of the securities because the securities were not transferred to the donee, but, on the contrary, were sold on the market for their fair market value. The transfer of funds after the sales the court said "in no way affected the scope or finality of the severance of property rights which resulted from the sales." The only feature which on its face appears to distinguish the *Behan* case from this one is that in the present case the new certificates were devoted to the same use as the old, namely, as collateral for the husband's loan. But this is not, in fact, a distinction, for the new certificates were the property of the wife and the use to which she put them does not change the fact of the prior sale by the husband. We accordingly hold the sales of securities by the petitioner to have been actual, bona fide sales, and the resulting loss to be allowable.

Counsel for the respondent in his brief advances the proposition that, because the securities sold were in the joint names of petitioner and his wife, only one-half of the loss is in any event allowable to the petitioner. Ownership of shares is not necessarily determined by the name on the stock certificates. The evidence here is to the effect that these shares were purchased by the husband through his individual brokerage account and they were regarded by both petitioner and his wife as his separate property. We do not consider the registry in the joint names, under the circumstances here, sufficient to establish joint ownership. We are satisfied, and have found as a fact, that the shares were the separate property of the petitioner. We accordingly hold that the loss sustained is allowable to petitioner in full.

The respondent's charge of fraud is based solely on the stock sales. That matter being decided for the petitioner, the assertion of fraud falls with it.

*Decision will be entered under Rule 50.*